**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| Eli Lilly and Company, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:24-cv-1035-SO |
| ) | |
| Ed Partners, LLC, d/b/a Cleveland Health ) | Judge Solomon Oliver, Jr. |
| Group ) | |
| ) | |
| Defendant. ) | |

## RULE 26(F) REPORT OF THE PARTIES

1.       Pursuant to Fed. R. Civ. P. 26(f) and L.R. 16.3(b), a meeting was held on Wednesday, October 16, 2024, and was attended by:

    Jeanna Wacker, counsel for Plaintiff Eli Lilly and Company;

    George Manley, counsel for Plaintiff Eli Lilly and Company;

    Matt Cavanagh, counsel for Plaintiff Eli Lilly and Company;

    Ray Weber, counsel for Defendant Ed Partners LLC dba Cleveland Health Group;

    Laura Gentilcore, counsel for Defendant Ed Partners LLC dba Cleveland Health Group.

2.       The parties:

    ___   have exchanged the initial disclosures required by Rule 26(a)(1);

    **X**   will exchange such disclosures by December 2, 2024;

    ___   have not been required to make initial disclosures.

3.       The parties recommend the following track for this matter:

    **X**   Standard     ___   Expedited     ___   Complex

    ___   Administrative     ___   Mass Tort

34319730.2

4.        This case is suitable for one or more of the following Alternative Dispute Resolution ("ADR") mechanisms:

__    Early Neutral Evaluation    __    Mediation    __    Arbitration

__ Summary Jury Trial            __    Summary Bench Trial

_    Case not suitable for ADR

Plaintiff's position is that this case is not presently suitable for ADR, but it may be suitable after some discovery is obtained. Plaintiff's Complaint seeks injunctive relief permanently enjoining Defendant's unlawful acts and is broader than the temporary cessation of Defendant's use of Plaintiff's trademarks that Defendant describes below. Plaintiff also seeks to recover defendant's profits, damages sustained by Plaintiff, and the costs of this action pursuant to 15 U.S.C. § 1117, as well as a finding that this case is exceptional and recovery of attorney's fees pursuant to same, none of which can be adequately assessed without appropriate discovery. Nevertheless, Plaintiff is amenable to mediation once it has the proper information to fully understand the scope of Defendant's infringement, false designation of origin, false advertising, and deceptive trade practices.

Defendant's position is that this case is ripe for mediation now. Immediately upon receipt of the Complaint in this matter, Defendant's counsel contacted Plaintiff's counsel and began discussions on reaching an early settlement. The several time extensions granted by this Court were for the purpose of accommodating those discussions. Defendant immediately took steps to terminate the use of the asserted trademarks in its advertising. The FDA had declared a shortage because Plaintiff was unable to meet the market demand. The declaration of shortage permitted compounding by others to benefit the public by assuring the availability of the drug in issue. Because Plaintiff was unable to

34319730.2

meet the market demand, Plaintiff suffered no damages as a result of Defendant's legal activities.  There is no need for damages as a deterrence.  Defendant's activities were legal, and Defendant has ceased all advertising and distribution of that drug since the FDA has now removed the drug from its shortage list.  Injunctive relief is no longer an issue. Mediation can assess what compensable damage, if any, was suffered by Plaintiff and do so before the parties spend untold resources litigating a matter that has been resolved by the FDA's recent action.  Defendant proposes that mediation be held in the month of November 2024.

5.        The parties ___ do/ **X** do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

6.        Recommended Discovery Plan:

    (a)    Describe the subjects on which discovery is to be sought and the nature and extent of discovery:

*Plaintiff*: *Plaintiff expects to conduct discovery on at least the following subjects: (1) Defendant's use of Lilly's federally registered MOUNJARO® and ZEPBOUND® marks in advertising and selling Defendant's products; (2) Defendant's use of the FDA-approval and clinical trial results of Lilly's medicines in advertising and selling Defendant's products; (3) Chemical or clinical testing conducted on compounded drugs offered by Defendant; (4) Defendant's sales of products containing tirzepatide (including both Lilly's medicines and any compounded formulations purporting to contain tirzepatide); and (5) Defendant's source for all non-Lilly products purporting to contain tirzepatide.*

*Defendant*:  *Plaintiff's Complaint is directed to two trademarks, MOUNJARO and ZEPBOUND.  In its Answer, Defendant admitted to be the source of the advertising attached to*

3

*the Complaint. Defendant has voluntarily provided all information and available documentation regarding its use of the trademarks, sales of products and the profits enjoyed from those sales. Little, if any, additional discovery is required by Plaintiff.*

*Defendant requires discovery on its Affirmative Defenses and Counterclaim, particularly with regard to (a) Plaintiff's awareness that the FDA had declared a shortage of both MOUNJARO and ZEPBOUND, which permitted Defendant, and others, to find sources of compounded tirzepatide; (b) Plaintiff's awareness that, due to the declared shortage, there would be no lost profits suffered by it as a result of the permitted compounding under FDA 503A; and (c) Plaintiff's maintenance of this suit is to obtain monies and "relief" to which it knows it is not entitled, in an attempt to deter lawful competition.*

(b) Discovery cut-off date:

<u>Fact Discovery Cutoff</u>: May 30, 2025

<u>Expert Report Deadline (for issues on which party bears burden of proof)</u>: June 30, 2025

<u>Rebuttal Expert Report Deadline</u>: July 30, 2025

<u>Expert Discovery Cutoff</u>: September 8, 2025

7. <u>Plaintiff</u>: Recommended dispositive motion date: *October 13, 2025*.

<u>Defendant</u>: *Rule 12(b)(6) motion to dismiss 20 days after mediation*.

*Summary judgment motion date same as for Plaintiff.*

8. Recommended cut-off date for amending the pleadings and/or adding additional parties:

*February 28, 2025.*

9. Recommended date for a Status Hearing:

*February 14, 2025.*

4

10.         Other matters for the attention of the Court:

*The parties have nothing to bring to the Court at this time.*

Dated:  October 18, 2024                          Respectfully submitted,

| s/ Matthew J. Cavanagh | /s/ Ray L. Weber (by consent) |
|---|---|
| Matthew J. Cavanagh (OH 0079522) | Ray L. Weber (OH 006497) |
| McDonald Hopkins LLC | Laura J. Gentilcore (OH 0034702) |
| 600 Superior Avenue, East, Suite 2100 | Renner, Kenner, Greive, Bobak, Taylor & Weber |
| Cleveland, Ohio 44114 | 106 South Main Street Suite 400 |
| Telephone: (216) 348-5400 | Akron, Ohio 44308 |
| Facsimile: (216) 348-5474 | Telephone: (330) 376-1242 |
| mcavanagh@mcdonaldhopkins.com | Facsimile: (330) 376-9646 |
| | rlweber@rennerkenner.com |
| *Counsel for Eli Lilly* | ljgentilcore@rennerkenner.com |
| | *Counsel for Ed Partners, LLC, d/b/a Cleveland Health Group* |

34319730.2