**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Eli Lilly and Company, | ) | |
| | ) | Case No. 1:24-cv-1035-SO |
| Plaintiff, | ) | |
| | ) | Judge Solomon Oliver, Jr. |
| vs. | ) | |
| | ) | |
| Ed Partners, LLC, | ) | |
| dba Cleveland Health Group, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S ABUSE OF PROCESS
COUNTERCLAIM**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 3

    A. CHG's Opposition Confirms That Its Counterclaim Is Not Based on Post-Filing Conduct ....................................................................................................... 3

    B. CHG Fails to Allege An "Ulterior Purpose" ............................................................. 5

    C. CHG's Request For Leave To Amend Should Be Denied ..................................... 8

III. CONCLUSION ............................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allied Erecting and Dismantling Co., Ltd. v. Genesis Equip. Mfg., Inc.*,
    649 F.Supp.2d 702 (N.D. Ohio 2009) ........................................................................................7

*Campfield v. Safelite Grp., Inc.*,
    91 F.4th 401 (6th Cir. 2024) .......................................................................................................7

*Hahn v. Star Bank*,
    190 F.3d 708 (6th Cir. 1999) ..................................................................................................2, 6

*Justice v. Petersen*,
    No. 21 Civ. 5848, 2022 WL 2188451 (6th Cir. June 17, 2022) .........................................2, 8, 9

*Kremer v. Cox*,
    682 N.E.2d 1006 (Ohio Ct. App. 1996) ..................................................................................1, 4

*La Quinta Corp. v. Heartland Props. LLC*,
    603 F.3d 327 (6th Cir. 2010) .....................................................................................................7

*Lair v. City of Olmstead Falls*,
    No. 1:17 Civ. 01181, 2018 WL 11462327 (N.D. Ohio March 28, 2018) ..................................3

*Ohio Security Ins. Co. v. Brakefire, Inc.*,
    No. 5:24 Civ. 00267, 2024 WL 2816024 (N.D. Ohio June 3, 2024) .........................................8

*Penn, LLC v. Prosper Business Dev. Corp.*,
    600 F. App'x 393 (6th Cir. 2016) ..........................................................................................5, 6

*Schwartz v. City of Conneaut, Ohio*,
    No. 1:09 Civ. 01222, 2009 WL 4730594 (N.D Ohio Dec. 8, 2009) ..........................................3

*Sherwin-Williams Co. v. Motley Rice, LLC*,
    No. 1:09 Civ. 1038, 2009 WL 10740987 (N.D. Ohio Sept. 3, 2009) ................................1, 3, 4

*Toledo Mack Sales & Serv., Inc. v. Mack Trucks, Inc.*,
    437 F. App'x 381 (6th Cir. 2011) ..............................................................................................5

*Vendita Tech. Grp., Inc. v. Sullinger*,
    No. 3:17 Civ. 00870, 2018 WL 11436536 (N.D. Ohio Feb. 21, 2018) .....................................4

*Wochna v. Mancino*,
    No. 07 Civ. 0059-M, 2008 WL 623731 (Ohio Ct. App. March 10, 2008) ................................4

*Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.*,
   626 N.E.2d 115 (1994) .................................................................................................... 4, 5

**Statutes**

15 U.S.C. § 1117 ............................................................................................................. 2, 5, 6, 7

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 3

I.  **INTRODUCTION**

Lilly's opening brief identified two independent—and fatal—flaws in CHG's abuse of process counterclaim: failure to allege that (a) Lilly committed an improper post-filing act, and (b) Lilly has used this litigation to accomplish an "ulterior purpose."[1] Dkt. 17-1 (Mot.) 8–10. CHG's Opposition, Dkt. 20 (Opp.), does not adequately address either of these flaws.

As to post-filing conduct, CHG does not dispute that it did not allege *any* facts related to Lilly's post-filing conduct. Mot. 8–9. Instead, CHG argues that Lilly misused process when it filed its Complaint. Opp. 6. Yet, the law requires CHG to show that Lilly took an action "***during the process*** that was not proper in the normal context of the proceeding." *Sherwin-Williams Co. v. Motley Rice, LLC,* No. 1:09 Civ. 1038, 2009 WL 10740987, at *3 (N.D. Ohio Sept. 3, 2009) (quotations omitted) (emphasis added). And courts in Ohio have consistently rejected attempts to portray the filing of a complaint, without more, as an act taken during the process. *E.g., Kremer v. Cox*, 682 N.E.2d 1006, 1013 (Ohio Ct. App. 1996) (holding that the filing of the complaint by itself "cannot provide a sufficient foundation for an abuse of process action"). Given that CHG did not and cannot identify any post-filing conduct, dismissal with prejudice is warranted on this basis alone.

As to an ulterior purpose, CHG stakes its counterclaim on the unsupported assertion that Lilly filed this suit for the ulterior purpose of eliminating "compounding and sales of legally compounded drugs." Opp. 1. But that argument mischaracterizes Lilly's Complaint. Mot. 9–10. Although CHG contends that Lilly's Complaint seeks relief that would "bar defendant from legal conduct (*i.e.*, sales of a compounded drug)," Opp. 2, nowhere in Lilly's Complaint does it seek that relief—with this lawsuit, Lilly merely seeks to end CHG's false advertising. Dkt. 1

---

[1] Capitalized terms not defined here were defined in Lilly's opening brief.

(Compl.) at 29–31. Therefore, Lilly did not have an "ulterior purpose" because Lilly does not request the relief attributed to it by CHG. CHG is plainly wrong.

Faced with this reality, CHG resorts to cobbling together certain paragraphs from Lilly's Complaint to create a story about Lilly's subjective motivations for filing this suit. Opp. 1–3. According to CHG, Lilly's only purpose for including allegations regarding the dangers of compounded drugs in its Complaint was to telegraph to the Court that it should "end Defendant's legal sales of a legally compounded drug due to a shortage declared by the FDA." *Id.* at 5. This argument is nonsensical. Lilly's allegations regarding the dangers of compounded drugs serve as factual foundation for its false advertising and deceptive trade practices claims. They also provide a basis for Lilly's request for relief for trademark infringement under the Lanham Act. And they provide important context for why CHG resorted to false advertising, deceptive trade practices, and trademark infringement—to exploit Lilly's research, development, and trademarks in order to sell knockoffs. CHG has "simply made conclusory allegations regarding [Lilly's] ulterior motives with no facts to support those contentions." *Hahn v. Star Bank*, 190 F.3d 708, 718 (6th Cir. 1999). This is insufficient to survive a motion to dismiss.

Finally, the Court should reject CHG's last-ditch effort to save its claim through a request for leave to amend. Opp. 8. The Sixth Circuit has made clear that, where a party responding to a motion to dismiss "fails to file a motion to amend or a proposed amendment indicating how the [party] would amend the complaint, a district court does not abuse its discretion by denying the [party] leave to amend." *Justice v. Petersen*, No. 21 Civ. 5848, 2022 WL 2188451, at *3 (6th Cir. June 17, 2022). That is precisely what CHG has done here by making its request in a single sentence in the conclusion to its Opposition, which fails to explain how an amendment would

resolve the flaws that render its abuse of process counterclaim unsustainable. Opp. 8. Accordingly, Lilly requests that CHG's counterclaim be dismissed with prejudice.

## II. ARGUMENT

As discussed in Lilly's opening brief, to allege a claim for abuse of process, CHG must plead facts sufficient to demonstrate "(1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process." Mot. 8 (quoting *Lair v. City of Olmstead Falls*, No. 1:17 Civ. 01181, 2018 WL 11462327, at *12 (N.D. Ohio March 28, 2018) (Oliver, J.)). With respect to the second element, CHG has the burden to establish that Lilly committed an act (A) "during the process that was not proper in the normal context of the proceeding" ***and*** (B) to achieve an "ulterior purpose." *See, e.g., Sherwin-Williams,* 2009 WL 10740987, at *3. This Court has routinely granted Rule 12(b)(6) motions for failure to meet one or both elements. *E.g., Lair*, 2018 WL 11462327, at *12 (dismissing abuse of process claim where there were no allegations that defendant "committed an improper act during [the] process"); *Schwartz v. City of Conneaut, Ohio*, No. 1:09 Civ. 01222, 2009 WL 4730594, at *6 (N.D Ohio Dec. 8, 2009) (Oliver, J.) (dismissing abuse of process claim that was "supported only by conclusory allegations regarding the defendants' ulterior motives with no facts to support those contentions") (internal quotations omitted). The Court should take the same approach here.

### A. CHG's Opposition Confirms That Its Counterclaim Is Not Based on Post-Filing Conduct

Lilly's opening brief made clear that CHG's abuse of process counterclaim should be dismissed with prejudice because CHG failed to allege that Lilly took ***any*** action after this suit was initiated that could be considered improper in the normal course of the proceeding. Mot. 8–

3

9. CHG admits that "there is no liability for abuse of process where a plaintiff has done nothing more than carry out process to its authorized conclusion." Opp. 5 (citing *Yaklevich,* 626 N.E.2d at 118 n.2). Yet, nowhere in CHG's Opposition does it identify any post-filing action taken by Lilly that it asserts was "improper" in the normal course of the proceeding. This is fatal to CHG's abuse of process counterclaim. *See Sherwin-Williams,* 2009 WL 10740987, at *3; *Vendita Tech. Grp., Inc. v. Sullinger*, No. 3:17 Civ. 00870, 2018 WL 11436536, at *2 (N.D. Ohio Feb. 21, 2018) ("In other words, motive alone is not enough, and [plaintiff] identifies no 'further act' that would be improper in the normal course of a similar criminal proceeding. The abuse of process counterclaim fails.").[2]

Unable to allege any improper post-filing conduct, CHG contends that it can rely on Lilly's filing of the Complaint as the requisite improper act. Opp. 6. Not so. Ohio courts have long held that the filing of a complaint, without more, cannot constitute the "improper act" that is required to establish abuse of process. For example, in *Kremer,* an Ohio Appeals Court affirmed dismissal of an abuse of process claim premised "solely on the filing of [the] complaint itself," even though the plaintiff claimed the suit was filed "for nefarious purposes" because "[a]buse of process does not lie for the wrongful bringing of an action." 682 N.E.2d at 1013 (italics omitted). Similarly, in *Wochna v. Mancino*, an Ohio Appeals Court affirmed a dismissal of an abuse of process claim where "the conduct of which [plaintiff] complained is the [defendant's] action in filing th[e] litigation itself" because filing a complaint, even when done with "[m]alicious motives" does "not establish abuse of process." No. 07 Civ. 0059-M, 2008 WL

---

[2] To the extent CHG argues that Lilly has committed an improper post-filing action by maintaining this suit, Opp. 5, CHG is incorrect. Maintaining a properly filed suit is the definition of "carry[ing] out process to its authorized conclusion," which the Ohio Supreme Court has made clear (and CHG acknowledges) is insufficient to establish liability for abuse of process. *Yaklevich*, 626 N.E.2d at 118 n.2.

4

623731, at *7 (Ohio Ct. App. March 10, 2008). The same is true here and CHG fails to cite a single case to the contrary.[3]

As CHG has failed to allege an improper post-filing act taken by Lilly, dismissal of its abuse of process counterclaim with prejudice is warranted.

### B. CHG Fails to Allege An "Ulterior Purpose"

Lilly's opening brief also explained that CHG's abuse of process counterclaim failed to adequately allege the required "ulterior purpose." Mot. 9–10. Specifically, Lilly explained that the relief sought in the Complaint—namely, injunctive relief designed to stop CHG from infringing the Lilly Marks and falsely advertising its products; monetary damages; and relief for the costs of this action pursuant to 15 U.S.C. § 1117, and attorneys' fees, Compl. 29–31—is entirely proper for Lilly to seek and is within this Court's power to grant should Lilly prevail on its claims. Mot. 10. Again, CHG's Opposition does not dispute this fact—a concession that is fatal to its abuse of process counterclaim. *See Toledo Mack Sales & Serv., Inc. v. Mack Trucks, Inc.*, 437 F. App'x 381, 385–86 (6th Cir. 2011) ("There is no ulterior purpose when the matter at issue was the exact matter for which [the proceedings were] designed") (internal quotations omitted); *Penn, LLC v. Prosper Business Dev. Corp.*, 600 F. App'x 393, 399 (6th Cir. 2016)

---

[3] CHG's reliance on *Yaklevich* and *Robb*, Opp. 5–6, is misplaced. In *Yaklevich*, the Ohio Supreme Court considered three questions: (1) whether Ohio recognized the tort of abuse of process, (2) whether an abuse of process claim is a compulsory counterclaim, and (3) when the statute of limitations for an abuse of process claim begins to accrue. 626 N.E.2d at 117. Contrary to CHG's assertion that the *Yaklevich* Court ruled that the plaintiff "stated a claim for abuse of process," Opp. 5, the question of the sufficiency of the plaintiff's pleadings was not before the Court. Further, in *Robb v. Chagrin Lagoons Yacht Club, Inc.*, the Ohio Supreme Court found that the plaintiff stated a claim for abuse of process where it pointed to several post-filing actions taken by the defendant—including a letter written by the defendant and the defendant's deposition testimony regarding its reasoning for maintaining the suit—that were improper. 662 N.E.2d 9, 13 (Ohio 1996). CHG has not done so here.

5

(rejecting abuse of process claim where defendant "could assert its claims" and "the district court could order [plaintiff] to pay damages in the event that [defendant] prevailed").[4]

Instead of identifying the required post-filing ulterior conduct, CHG resorts to arguing that allegations in Lilly's Complaint directed to the dangers of compounded drugs "do little if anything to prove Lilly's claims for either trademark infringement or false advertising," which, according to CHG, means that Lilly's Complaint must be directed to "seeking to end Defendant's legal sales of a legally compounded drug due to a shortage declared by the FDA." Opp. 5. This argument is baseless for multiple reasons. *First*, as discussed above, CHG points to no relief sought in Lilly's Complaint requesting the Court to bar CHG from selling compounded drugs. CHG's claim therefore consists of nothing more than "conclusory allegations regarding [Lilly's] ulterior motives with no facts to support those contentions," which the Sixth Circuit has consistently held to be insufficient to constitute abuse of process. *E.g. Hahn*, 190 F.3d at 718.

*Second*, CHG is wrong that Lilly is "stating additional facts unnecessary to the relief sought" by including allegations relating to the dangers of compounded drugs in its Complaint. Opp. 7. To the contrary, such allegations provide necessary factual foundation for the claims that Lilly properly asserts against CHG. For instance, to sustain a false advertising claim under the Lanham Act, Lilly was required to allege "(1) the defendant has made false or misleading

---

[4] CHG's argument that Lilly has not alleged sufficient facts with respect to its trademark infringement claim for the Court to grant the injunctive relief and monetary damages that Lilly seeks, Opp. 3, is both wrong and irrelevant. As an initial matter, Lilly has adequately alleged a claim for willful trademark infringement. Compl. ¶¶ 47–80. Indeed, it is notable that CHG did not move to dismiss Lilly's complaint and, thus, did not make this argument at the time permitted. And, in any event, CHG's argument relates to the sufficiency of Lilly's pleadings—not the Court's ability to grant the relief it seeks should Lilly succeed on its claims—and therefore has no bearing on whether CHG has adequately pleaded abuse of process. *Penn*, 600 F. App'x at 399.

6

34505082.2

statements of fact concerning his product or another's; (2) the statement actually [deceives] or tends to deceive a substantial portion of the intended audience; (3) the statement is material in that it will likely influence the deceived consumer's purchasing decisions; (4) the advertisements were introduced into interstate commerce; and (5) there is some causal link between the challenged statements and harm to the plaintiff." *Campfield v. Safelite Grp., Inc.*, 91 F.4th 401, 411 (6th Cir. 2024) (internal quotations omitted).  The same elements must be shown to establish a false advertising claim under the Ohio Deceptive Trade Practices Act.  *Allied Erecting and Dismantling Co., Ltd. v. Genesis Equip. Mfg., Inc.*, 649 F. Supp. 2d 702, 725 (N.D. Ohio 2009) ("Under the ODTPA, the same analysis [as the analysis for a false advertising claim under the Lanham Act] is to be employed for false-advertising claims.").  As alleged in Lilly's Complaint, CHG falsely advertises its compounded drug products as FDA-approved, safe, and effective to achieve certain therapeutic outcomes.  *E.g.* Compl. ¶¶ 47–68.  The paragraphs of Lilly's Complaint cited by CHG relating to the dangers of compounding therefore provide factual foundation to demonstrate that compounded drugs—including those sold by CHG—are not FDA-approved, safe, or effective and that CHG's advertising is false and/or misleading as a result.

Moreover, Lilly's Complaint seeks compensatory damages for CHG's trademark infringement, false designation of origin, false advertising, and unfair competition under 15 U.S.C. § 1117.  Compl. 31.  When assessing an award of damages under 15 U.S.C. § 1117, courts in this Circuit consider factors such as "the public interest in making the misconduct unprofitable."  *La Quinta Corp. v. Heartland Props. LLC*, 603 F.3d 327, 343 (6th Cir. 2010).  The portions of Lilly's complaint alleging that compounded drugs are dangerous plead facts to support, at least, its contention that there is a significant public interest in making the type of

7

advertising that CHG engaged in unprofitable. *E.g.* Compl. ¶¶ 69–72. As a result, CHG has failed to allege an "ulterior purpose" and dismissal of its abuse of process claim with prejudice is therefore warranted for this additional, independent reason.

### C. CHG's Request For Leave To Amend Should Be Denied

CHG's request for leave to amend its Counterclaim, Opp. 8, should be denied. Courts in the Sixth Circuit routinely deny requests for leave to amend where, as here, the "plaintiff fails to file a motion to amend or a proposed amendment indicating how the plaintiff would amend the complaint." *Justice*, 2022 WL 2188451, at *3 (noting that a "bare request for amendment in an opposition to a motion to dismiss does not constitute a motion to amend"). For instance, in *Ohio Security Insurance Co. v. Brakefire, Inc.*, the Court denied a request to amend that was "buried . . . at the end of [plaintiff's] opposition brief" because "[d]istrict courts are not required to engage in a guessing game as to what [the plaintiff] might plead to save her claim" and the plaintiff's "failure to file a proper motion with a copy of a proposed amended complaint, or otherwise adequately inform the Court of the nature of its proposed amendment require[d] that leave to amend be denied." No. 5:24 Civ. 267, 2024 WL 2816024, at *9 (N.D. Ohio June 3, 2024) (internal quotations omitted).

The same result should follow here. Like the plaintiff in *Ohio Security*, CHG buried its request for leave to amend in a single sentence in the conclusion of its Opposition that failed to explain how an amendment could cure the deficiencies identified in Lilly's opening brief. Opp. 8 ("Defendant should be allowed to amend its Counterclaim as it is clear from facts already stated that a plausible claim for abuse of process exists"). CHG never filed a motion for leave to amend and never attached a proposed amended counterclaim to its Opposition. There is good reason for this—such an amendment would be futile because CHG cannot allege sufficient facts regarding (a) Lilly's post-filing conduct, and (b) the alleged "ulterior purpose" motivating Lilly's

8

conduct. The Court should therefore reject CHG's request for leave to amend and should dismiss CHG's abuse of process counterclaim with prejudice.[5]

### III. CONCLUSION

For the foregoing reasons, Lilly requests that CHG's abuse of process counterclaim be dismissed with prejudice.

---

[5] CHG's reliance on *EEOC v. Ohio Edison Co.*, 7 F.3d 541, 546 (6th Cir. 1993), for the proposition that it is entitled to another chance to amend its claim before it is dismissed with prejudice, Opp. 8, is misplaced. Courts in the Sixth Circuit do not apply the rule recited in *Ohio Edison* where, as here, amendment would be futile. *Justice*, 2022 WL 2188451, at *3–4 (finding no abuse of discretion in denying leave to amend where leave was sought in opposition brief and "did not explain how [plaintiff] would amend the complaint"); *Revere Plastic Sys., LLC v. Plastic Plate, LLC*, No. 3:18 Civ. 02757, 2020 WL 1158725, at *11 (N.D. Ohio March 10, 2020) (considering *Ohio Edison* and declining to follow it where amendment would be futile).

9

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  November 19, 2024 | s/ Matthew J. Cavanagh |
|  | Matthew J. Cavanagh (OH 0079522) |
|  | McDonald Hopkins LLC |
|  | 600 Superior Avenue, East, Ste. 2100 |
|  | Cleveland, Ohio 44114 |
|  | t 216.348.5400 │ f 216.348.5474 |
|  | mcavanagh@mcdonaldhopkins.com |

and

Joshua L. Simmons (*pro hac vice*)
Jeanna M. Wacker (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.simmons@kirkland.com
jeanna.wacker@kirkland.com

Robin McCue
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Robin.McCue@kirkland.com

George Manley
KIRKLAND & ELLIS LLP
200 Clarendon St
Boston, MA 02116
Telephone: (617) 385-7500
Facsimile: (617) 385-7501
George.Manley@kirkland.com

*Counsel for Plaintiff Eli Lilly and Company*

34505082.2